UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TONIA E. BAYNE,

      **Plaintiff,**

  v.                                           Civil Action 2:21-cv-5173
                                                  Magistrate Judge Chelsey M. Vascura

KELLER AUTOMOTIVE, LLC, *et al.*,

      **Defendants.**

**OPINION AND ORDER**

Plaintiff, Tonia E. Bayne, a citizen of West Virginia, brings this personal injury action against Defendant Keller Automotive, LLC, a citizen of Ohio. This matter is before the Court on Keller Automotive, LLC's Motion to Remand (ECF No. 37), Motion for Leave to File Third Party Complaint (ECF No. 30), and Third Motion for Extension of Time to Produce Rebuttal Expert Reports (ECF No. 31). For the following reasons, Keller's Motion to Remand (ECF No. 37) is **DENIED**, and this case is **STAYED** pending the Court's resolution of Keller's Motion for Leave to File Third Party Complaint.

                **I.**       **BACKGROUND**

Plaintiff alleges that on July 2, 2020, a vehicle operated by non-party Charles Horn in the scope of his employment with Defendant Keller Automotive, LLC, struck another vehicle in which Plaintiff was a passenger. (Compl., ECF No. 3.) Several other vehicles were also involved in the accident. (Traffic Crash Report, ECF No. 32-3.) Keller maintains that another motorist was

responsible for causing the collision by cutting off Mr. Horn's vehicle. (*See* Keller's Ans. 4, ECF No. 5; Keller's Resp. to Interrog. No. 12, ECF No. 32-2.)

Plaintiff filed her Complaint in the Court of Common Pleas for Franklin County, Ohio, on September 24, 2021. (ECF No. 3.) On October 29, 2021, Defendant National Liability & Fire Ins. Co. removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Not. of Removal, ECF No. 1.) Neither Plaintiff nor Keller moved to remand the case at that time. On December 8, 2021, the undersigned entered a Preliminary Pretrial Order setting the deadline for motions to join parties on January 14, 2022, and setting the close of discovery and deadline for dispositive motions on September 2, 2022, and October 7, 2022, respectively. (ECF No. 12.) National Liability was dismissed by stipulation of the parties on February 7, 2022. (ECF No. 15.)

Keller's filings assert that, after Plaintiff's lawsuit was filed, Mr. Horn became unavailable for consultation due to hospitalization and subsequent incarceration, such that Keller's counsel was unable to immediately learn which driver allegedly cut Mr. Horn off and caused the accident. (Keller's Mot. to Stay 2, ECF No. 4; Keller's Reply in support of Mot. for Leave to File 3d Party Complaint 2, ECF No. 33). Keller's counsel also provides a list of numerous unsuccessful attempts to contact Mr. Horn between June 10, 2021, and July 15, 2022, when counsel was finally able to arrange a meeting with Mr. Horn for August 18, 2022. (Timeline, ECF No. 33-1.) But Keller's filings make conflicting assertions about Keller's counsel's contact with Mr. Horn *prior* to the filing of the lawsuit. In a previous motion to extend the case schedule, Keller's counsel represented, "[p]rior to the filing of this suit, the undersigned Counsel's office was in contact with Charles Horn," and that "[e]arly conversations with Mr. Horn call into dispute whether his actions, or the actions of another motorist proximately caused

the accident." (Mot. to Stay 2, ECF No. 24.) However, Keller's briefing in support of its Motion for Leave to File Third Party Complaint suggests that Keller's counsel was *not* in contact with Mr. Horn prior to the filing of the lawsuit: "Charles Horn was already unavailable by the time the undersigned gathered this information [that another motorist proximately caused the accident] from Dustin Keller[, Keller's sole member]." (Keller's Reply in support of Mot. for Leave to File 3d Party Complaint 3, ECF No. 33).

On July 25, 2022, Keller moved to stay discovery or set a conference to select new case schedule deadlines, citing the difficulties with contacting Mr. Keller. (ECF No. 24.) The Court, rather than entering a stay or setting a conference, extended the discovery and dispositive motions deadlines to November 2, 2022, and December 7, 2022, respectively. (ECF No. 25.)

Keller's counsel represents that he was finally able to discuss the matter with Mr. Horn on August 18, 2022, when counsel was able to arrange a meeting with Mr. Horn at North Central Correctional Institution. (Keller's Mot. to Stay 2–3, ECF No. 24; Timeline, ECF No. 33-1.) At that meeting, Keller's counsel represents that Mr. Horn identified Anna Coyne, the driver of another vehicle involved in the accident, as the person responsible for causing the collision. Keller asserts that prior to this meeting, Keller "did not know the identity of the would-be third party defendant." (Mot. for Leave to File 3d Party Compl. 3, ECF No. 33.)

On September 21, 2022, and October 3, 2022, respectively, Keller filed its Motion for Leave to File Third Party Complaint against Anna Coyne (ECF No. 30) and its Third Motion for Extension of Time to Produce Rebuttal Expert Reports (ECF No. 31). In the course of considering these motions, the Court noted several defects in the jurisdictional allegations of National Liability's Notice of Removal. Namely, National Liability failed to allege Plaintiff's domicile, National Liability's state of incorporation or principal place of business, or the

citizenship of Keller's members. The Court therefore ordered the remaining parties, to the extent they wished to maintain the litigation in federal court, to file a notice identifying the relevant facts to determine the parties' citizenship at the time the case was removed. (ECF No. 35.) In response, Plaintiff asserted her desire to remain in federal court and identified her residence as being located in West Virginia, and identified National Liability's state of incorporation and principal place of business as both being located in Connecticut. (ECF No. 36.) She was unable, however, to identify Keller's members or their citizenship from publicly-available information. (*Id.*) Keller then filed a response, indicating that its sole member, Dustin Keller, is an individual domiciled in Ohio. (ECF No. 37.) In this same filing, Keller moved to remand the case to the Franklin County Court of Common Pleas for lack of subject-matter jurisdiction due to the forum defendant rule of 28 U.S.C. § 1441(b)(2). (*Id.*)

## II. KELLER'S MOTION TO REMAND

Because Keller's Motion to Remand raises the specter of lack of subject-matter jurisdiction, the Court must resolve that motion before turning to Keller's earlier motions. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle,* 74 U.S. 506 (1868)).

Here, Keller concedes that "this Court has original jurisdiction under 28 U.S.C. § 1332," but contends that "there remains a defect in this Court's subject-matter jurisdiction": namely, that National Liability's removal of this action violated the forum defendant rule of 28 U.S.C. § 1441(b)(2), which prohibits removal "if any of the parties in interest properly joined and served

4

as defendants is a citizen of the State in which such action is brought." (Mot. to Remand 2, ECF No. 37.) As Keller is a citizen of Ohio, National Liability's removal of the action unquestionably violated § 1441(b)(2). Keller acknowledges that some courts "have determined this defect is procedural, and thus waivable," but contends that the United States Court of Appeals for the Sixth Circuit has not spoken definitively on the issue and that several district courts within the Sixth Circuit "have determined that this issue is in jurisdiction and can be raised at any time." (*Id.*) The distinction matters because "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). That is, if the forum defendant rule of § 1441(b)(2) limits this Court's subject-matter jurisdiction, the issue may be raised at this time and the case must be remanded. However, if the forum defendant rule is not jurisdictional, Keller will have forfeited its right to seek remand by waiting to do so for more than a year after National Liability's Notice of Removal.

The Sixth Circuit has, on occasion, indicated that the forum defendant rule relates to subject-matter jurisdiction, but has stopped short of expressly holding that the rule is jurisdictional. *See Thompson v. Karr*, 182 F.3d 918, 1999 WL 519297, at *3–4 (6th Cir. 1999) (Table) (holding that the forum defendant rule "relates to our jurisdiction" and raising its violation *sua sponte*, but nevertheless exercising jurisdiction to preserve judicial economy after district court granted summary judgment); *Fed. Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) (holding that the district court lacked subject matter jurisdiction due, among other things, to defendant's inability to remove under the forum defendant rule, but not considering whether objections to removal in violation of the forum defendant rule could be forfeited or waived). Additionally, several district courts within the Circuit have found the rule to be

5

jurisdictional. *See*, *e.g.*, *Balzer v. Bay Winds Fed. Credit Union*, 622 F. Supp. 2d 628, 629–31 (W.D. Mich. 2009) (finding the violation of the forum defendant rule to be a "fundamental issue of removal power" and nothing in prior Supreme Court or Sixth Circuit precedent "requires the Court to ignore facially obvious removal jurisdiction defects when promptly raised by the Court or another party."); *Johnston v. Panther II Transp.*, No. 1:07-CV-1264, 2007 WL 2625262, at *3 (N.D. Ohio Sept. 6, 2007) (finding the forum defendant rule to be jurisdictional and able to be raised *sua sponte*); *Champion Chrysler Plymouth v. Dimension Serv. Corp.*, No. 2:17-CV-130, 2017 WL 1276727, at *1–2 (S.D. Ohio Apr. 6, 2017) (declining to reject a magistrate judge's report and recommendation that raised the forum defendant rule *sua sponte*).

However, the weight of authority supports a finding that the forum defendant rule is not jurisdictional. The one Sixth Circuit case to speak directly to the issue, although unreported, plainly finds the rule to be procedural, not jurisdictional. *See RFF Fam. P'ship, LP v. Wasserman*, 316 F. App'x 410, 411–12 (6th Cir. 2009) ("The forum defendant provision is a procedural removal requirement that is waived if it is not raised by a timely motion to remand."). Other reported cases by the Sixth Circuit and other Circuit courts are in accord. *See Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 119 n.1 (6th Cir. 1979) (plaintiff's acquiescence in the removal waived any objection it might have had with regard to the forum defendant rule); *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir. 1924) (exercising jurisdiction where, "although the case was not technically removable under [what is now § 1441(b)(2)], the court yet had jurisdiction over the subject-matter of the controversy, and the parties had fully consented to the federal jurisdiction and acted thereunder."); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (holding that the forum defendant rule is not jurisdictional, and noting that the Ninth Circuit's "interpretation of § 1441(b) comports with

eight of the nine circuits that have addressed this issue") (collecting cases including *Handley-Mack*). Similarly, the United States Supreme Court has suggested that, so long as the district court would have had original jurisdiction at the time the case was commenced, belatedly-raised removal defects do not deprive the court of subject-matter jurisdiction. *See Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972) ("Longstanding decisions of this Court make clear, however, that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.").

Following this weight of authority, the Court determines that National Liability's removal of this action in violation of the forum defendant rule is a "defect other than lack of subject matter jurisdiction," and therefore Keller forfeited any objection it might have on the basis of the forum defendant rule by failing to seek remand within the 30 days provided for by § 1447(c). Keller's Motion to Remand is therefore **DENIED**.

### III. KELLER'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT

Keller seeks leave to file a third party complaint against Anna Coyne, who Keller now contends is ultimately responsible for the motor vehicle accident at issue. To so do, Keller must obtain an extension of the January 14, 2022 deadline for motions to join parties. When a party seeks a modification of case schedule deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing

7

of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)).

In this case, the Court is hindered in its analysis of Keller's diligence in attempting to meet the deadline for motions to join parties. Keller's explanation for why it waited until now to seek leave to assert claims against Anna Coyne turns on Keller's counsel's inability to contact Mr. Horn until relatively recently. However, Keller's counsel's conflicting assertions as to whether counsel was in contact with Mr. Horn prior to the lawsuit prevent the Court from determining whether Keller acted diligently. If, as Keller represented in its July 25, 2022 Motion to Stay, "[p]rior to the filing of this suit, the undersigned Counsel's office was in contact with Charles Horn," and that "[e]arly conversations with Mr. Horn call into dispute whether his actions, or the actions of another motorist proximately caused the accident," (Mot. to Stay 2, ECF No. 24), then the Court is skeptical that Keller's counsel did not ask or could not have asked the obvious follow-up question of who that other driver was. But if, as Keller subsequently represented when briefing its Motion for Leave to File Third Party Complaint, "Charles Horn was already unavailable by the time the undersigned gathered this information [that another motorist proximately caused the accident] from Dustin Keller[, Keller's sole member]," (Keller's Reply in support of Mot. for Leave to File 3d Party Complaint 3, ECF No. 33), then Keller's counsel could not have asked any follow-up questions of Mr. Horn until the August 18, 2022 meeting.

To resolve this conflict, counsel for Keller is **ORDERED** to file, **WITHIN SEVEN DAYS** of the date of this Order, an affidavit or an unsworn declaration in compliance with 28 U.S.C. § 1746 that clarifies the timeline for all of Keller's counsel's communications with Mr.

8

Horn, when Mr. Horn became unavailable, and when Keller's counsel first spoke to Mr. Horn regarding his assertion that another motorist was responsible for the accident.

## IV. DISPOSITION

For the foregoing reasons, Keller's Motion to Remand (ECF No. 37) is **DENIED**. Keller's counsel is **ORDERED** to file, **WITHIN SEVEN DAYS** of the date of this Order, an affidavit or declaration as set forth above. The Court further finds that holding the remainder of this case in abeyance is appropriate until the Court resolves Keller's Motion for Leave to File Third Party Complaint. Accordingly, this case is **STAYED** pending the Court's resolution of Keller's Motion for Leave to File Third Party Complaint. The deadline for dispositive motions is **VACATED**, to be re-set following resolution of Keller's Motion for Leave to File Third Party Complaint.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE