UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TONIA E. BAYNE,

    **Plaintiff,**

v.                                                **Civil Action 2:21-cv-5173**
                                                                         **Magistrate Judge Chelsey M. Vascura**

KELLER AUTOMOTIVE, LLC, *et al.*,

    **Defendants.**

**OPINION AND ORDER**

Plaintiff, Tonia E. Bayne, a citizen of West Virginia, brings this personal injury action against Defendant Keller Automotive, LLC, a citizen of Ohio. This matter is before the Court on Defendant Keller Automotive, LLC's Motion for Leave to File Third Party Complaint (ECF No. 30) and Third Motion for Extension of Time to Produce Rebuttal Expert Reports (ECF No. 31). For the following reasons, Keller's Motions are **GRANTED**.

## I.     BACKGROUND

Plaintiff alleges that on July 2, 2020, a vehicle operated by non-party Charles Horn in the scope of his employment with Defendant Keller Automotive, LLC, struck another vehicle in which Plaintiff was a passenger. (Compl., ECF No. 3.) Several other vehicles were also involved in the accident. (Traffic Crash Report, ECF No. 32-3.) When counsel for Keller first spoke with Mr. Horn about the accident on August 13, 2020, Mr. Horn stated that "he was cut off by a red

truck, which according to the police report, was driven by Danny Miller."[1] (Terbrack Aff. ¶ 3(b), ECF No. 40.) Keller retained an accident reconstructionist, who, on July 16, 2021, raised doubts as to Mr. Horn's account of the red truck being responsible for the accident. (*Id.* at ¶¶ 3(e), 4.) However, Mr. Horn became unavailable for additional consultation due to hospitalization on July 1, 2021, and his subsequent incarceration. (*Id.* at ¶¶ 3(d), (g)–(h).) Keller's counsel provides a list of numerous unsuccessful attempts to contact Mr. Horn between June 10, 2021, and July 15, 2022. (ECF No. 33-1.) Keller's counsel was not able to discuss the matter further with Mr. Horn until August 18, 2022, when counsel was able to arrange a meeting with Mr. Horn at North Central Correctional Institution. (Terbrack Aff. ¶ 3(i).) At that meeting, Mr. Horn stated "for the first time[ ] that a dark colored SUV, matching the description of Anna Coyne's vehicle, not a red truck, was the vehicle that cut him off." (*Id.*) "Further, that conversation confirmed that the damage to Anna Coyne's vehicle was consistent with Charles Horn's recollection of the initial contact between his vehicle and that of Anna Coyne." (*Id.*) Keller asserts that prior to this meeting, Keller "did not know the identity of the would-be third party defendant." (Mot. for Leave to File 3d Party Compl. 3, ECF No. 33.)

Plaintiff filed her Complaint in the Court of Common Pleas for Franklin County, Ohio, on September 24, 2021. (ECF No. 3.) On October 29, 2021, Defendant National Liability & Fire Ins. Co. removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Not. of Removal, ECF No. 1.)[2] The Court entered a Preliminary Pretrial Order on

---

[1] The Traffic Crash Report in the record, completed by the Columbus Police Department, reflects that the red truck involved in the accident was driven by Ashley Dysart, and that Danny Miller was a passenger in the red truck. (ECF No. 32-3.)

[2] National Liability was subsequently dismissed by stipulation of the parties on February 7, 2022. (ECF No. 15.)

2

December 8, 2021, which set the deadline for motions to amend the pleadings or join parties on January 14, 2022. (ECF No. 12.) The discovery and dispositive motions deadlines were originally set on September 2, 2022, and October 7, 2022, respectively, but were extended to November 2, 2022, and December 7, 2022, respectively. (ECF Nos. 12, 25.) Further, the deadline for production of rebuttal expert reports was originally set on May 6, 2022, but was extended to October 5, 2022. (ECF Nos. 12, 25.)

On September 21, 2022, eight months after the deadline for motions to amend the pleadings or join parties, Keller filed the subject Motion for Leave to File Third Party Complaint against Anna Coyne (ECF No. 30). Plaintiff opposes the Motion, contending that Keller had sufficient knowledge to assert its third-party claims earlier, that Keller's third-party claims against Anna Coyne are contradicted by the evidence, and that permitting Keller to assert its third-party claims at this time would prejudice Plaintiff. (Pl.'s Opp'n 5–7, ECF No. 32.)

Additionally, on October 3, 2022, Keller filed its Third Motion for Extension of Time to Produce Rebuttal Expert Reports, asserting additional time was needed for its accident reconstructionist to consult with Mr. Horn (ECF No. 31). Although Plaintiff nominally opposes this motion, her combined opposition brief to Keller's Motion for Leave to File Third Party Complaint and Third Motion for Extension of Time to Produce Rebuttal Expert Reports does not articulate her reasons for doing so beyond a cursory statement that "the Defendant has been in possession of the information upon which its motions are based since the date of the collision." (Pl.'s Opp'n 5, ECF No. 32.)

## II. KELLER'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT

Keller seeks leave to file a third party complaint against Anna Coyne, who Keller now contends is ultimately responsible for the motor vehicle accident at issue.

A. **Standards Governing Case Schedule Amendments**

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

B. **Analysis**

Keller has demonstrated good cause to amend the deadline for motions to join parties. According to Keller's counsel's declaration, Keller was unaware until August 18, 2022, that its driver's position is that the accident was caused by Anna Coyne, and therefore Keller could not have sought to join Anna Coyne prior to the January 14, 2022 deadline for motions to join parties. Further, Keller made multiple attempts to contact Mr. Horn between June 10, 2021, and July 25, 2022, and moved to assert its third party claim against Anna Coyne just over one month after the August 18 meeting, demonstrating reasonable diligence in attempting to contact Mr. Horn and seeking leave to assert its third-party claims once Keller learned of the relevant information. Even though Keller originally believed that Danny Miller was the driver that cut off

4

Mr. Horn and caused the accident, and exhibited no diligence in asserting claims against Mr. Miller, the relevant inquiry is whether the particular amendment Keller seeks could have been asserted earlier with the exercise of diligence. The Court finds that it could not.

The Court must also consider possible prejudice to Plaintiff as a result of extending the deadline to join parties. It is true that, if Keller's third-party claims are permitted, the case schedule would need to be significantly extended so that Ms. Coyne could conduct discovery. The United States Court of Appeals for the Sixth Circuit Court has "repeatedly held that allowing amendment after the close of discovery creates significant prejudice." *Gormley v. Precision Extrusions, Inc.*, 174 F. App'x 918, 921 (6th Cir. 2006) (citing *Leary,* 349 F.3d at 907; *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 835 (6th Cir. 1999). However, as the "primary measure" of Rule 16's good cause standard, *Inge*, 281 F.3d at 625, diligence by the movant should ordinarily carry more weight than prejudice to the nonmovant. *See Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 460 (S.D. Ohio 2021) ("Prejudice to the non-moving party is a relevant consideration in a 16(b) analysis, but the main focus should remain on the moving party's exercise of diligence.") (cleaned up).

Plaintiff further argues she will be prejudiced because, if Keller is permitted to file a third-party complaint against Ms. Coyne, Plaintiff will not be able to assert a claim against Ms. Coyne because Ohio's two-year personal injury statute of limitations has already expired. (Pl.'s Opp'n 7, ECF No. 32.) However, that would be true regardless of whether Keller asserts a third-party complaint against Ms. Coyne. Further, Plaintiff contends that Keller's proposed claims against Ms. Coyne are futile; therefore, based on Plaintiff's own position, any claims against Ms. Coyne, by Plaintiff or Keller, would be non-viable in any case. (*Id.* at 6–7.) Plaintiff therefore loses nothing by not being able to assert a claim against Ms. Coyne.

Finally, the alleged futility of Keller's proposed third-party claims against Ms. Coyne does not provide grounds to deny leave to file the third-party complaint. Plaintiff bases her assertion of futility on evidence produced in discovery; namely, that Mr. Horn gave a statement to police officers at the scene of the accident that contradicts his position that Ms. Coyne caused the accident, and that Mr. Horn was the only motorist issued a citation arising out of the accident. (Pl.'s Opp'n 3–4, 6–7, ECF No. 32.) But these arguments regarding the sufficiency of the evidence are better suited to a properly-supported motion for summary judgment and cannot be resolved at the pleading stage.

Accordingly, Keller's Motion for Leave to File Third Party Complaint (ECF No. 30) is **GRANTED**.

### III.    KELLER'S THIRD MOTION FOR EXTENSION OF TIME TO PRODUCE REBUTTAL EXPERT REPORTS

Keller's assertion of new third-party claims against Ms. Coyne will necessitate extension of the case schedule, including the deadlines for motions to amend the pleadings, motions to join parties, fact and expert discovery, and dispositive motions.[3] As a result, the Court finds it appropriate to issue a new case schedule once Ms. Coyne has been served with Keller's Third Party Complaint and has appeared in this action. Accordingly, Keller's Motion for Extension of Time to Produce Rebuttal Expert Reports is **GRANTED**, although no new deadline for rebuttal expert reports will be set at this time.

### IV.    DISPOSITION

For the foregoing reasons, Keller's Motion for Leave to File Third Party Complaint (ECF No. 30) and Third Motion for Extension of Time to Produce Rebuttal Expert Reports (ECF No.

---

[3] Given the advanced stage of the claims by Plaintiff against Keller, it may be appropriate to limit some of these case schedule extensions to Ms. Coyne only.

31) are **GRANTED**. Keller shall file its Third Party Complaint against Anna Coyne **WITHIN FOURTEEN DAYS** of the date of this Order. It is further **ORDERED** that, **WITHIN FOURTEEN DAYS** of Anna Coyne's motion or pleading in response to the Third Party Complaint, the parties shall file a joint proposed case schedule. Keller is further **ORDERED** to serve a copy of this Opinion and Order on Anna Coyne along with the Third Party Complaint.

    **IT IS SO ORDERED.**

                                    /s/ *Chelsey M. Vascura*
                                    CHELSEY M. VASCURA
                                    UNITED STATES MAGISTRATE JUDGE